```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA

                         Alexandria Division


UNITED STATES OF AMERICA,      )
                               )
         v.                    )    1:15cr259
                               )
ALI IMRAN                      )
                               )
     Defendant.                )
```

**MEMORANDUM OPINION**

This matter is before the Court on the Defendant's Motion to Dismiss Indictment or Alternatively for a Bill of Particulars [Dkt. 26]. For the reasons set forth below, the Defendant's Motion is denied.

**I. Background**

On September 1, 2015, Defendant Ali Imran ("Defendant") was indicted for three counts of violating 18 U.S.C. § 1546(a) by knowingly presenting material false statements in connection with an application to naturalize on three separate dates. On the first count, the indictment alleges that "on or about March 2, 2012, in Woodbridge, Virginia. . . [in] a written application for naturalization to U.S. citizenship. . . the defendant made false statements regarding his name, date of birth, and history." (Indictment [Dkt. 15] at 1.) The second count of the indictment alleges that "on or about June 6, 2012, in Fairfax County Virginia . . .

1

the defendant made false statements in an interview in support of his written application." (*Id.* at 2.) On the third count, the indictment alleges that "on or about February 1, 2013, in Fairfax County Virginia. . . the defendant made false statements in an interview in support of his written application." (*Id.*) The Defendant was arraigned on September 17, 2015, and a discovery order was entered by this Court at that time. After discovery, and upon request of Defendant's counsel, the Government sent the Defendant another copy of the affidavit in support of the complaint by email on October 2, 2015. (Gov. Ex. B [Dkt. 27-2].) On October 22, 2015, Defendant filed this Motion to Dismiss. The Government filed their opposition on November 2, 2015. The Court heard oral argument on the motion on December 10, 2015. The issue is now ripe for decision.

## II. Legal Standard

Defendant moves to dismiss the indictment against him due to a failure to sufficiently inform Defendant and his counsel of the specific charges against him. (Def.'s Mot. at 1.) Alternatively, the Defendant requests a Bill of Particulars pursuant to Federal Rule of Criminal Procedure 7(f). "A motion to dismiss the indictment tests whether the indictment sufficiently charges the offense set forth against the defendant." *United States v. Brandon* 150 F.Supp.2d 883, 884 (E.D.Va. 2001), *aff'd*, 298 F.3d 307 (4th Cir. 2002). The

2

Federal Rules of Criminal Procedure require that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). This requirement is satisfied when the indictment alleges each essential element of the offense along with sufficient additional facts to allow the indictment to be used as proof to bar subsequent prosecutions for the same offense. *United States v. Duncan*, 598 F.2d 839, 848 (4th Cir. 1979). The facts alleged should also be sufficiently detailed to apprise the defendant of the charge against him so that he may prepare his defense. *Id.* However, this latter, informative function "may often be satisfied through the use of a bill of particulars *or discovery*." *Id.* (Emphasis added.) To warrant dismissal of an indictment, the defendant must demonstrate that the allegations in the indictment, even if true, would not state an offense. *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004).

### III. Analysis

The Defendant does not argue that if the allegations in the indictment are true, they would not state an offense.[1] The Defendant's concerns are rather that the allegations in the indictment are overbroad, lack specificity, and make it too easy

---

[1] In any event, the Court notes that the allegations contained in the indictment against Defendant Ali Imran, if true, would constitute three violations of 18 U.S.C. § 1546(a).

3

for the Government to prove a violation of 18 U.S.C. § 1546(a). The Defendant is particularly concerned with the allegation that he knowingly made material misrepresentations about his "history".

The Defendant believes that as currently stated, the indictment places him under a burden to prove the truthfulness of everything stated in his naturalization application and the accompanying interviews. (Def.'s Mot. at 2.) This argument fundamentally misstates the role played by the indictment. Alleging that the Defendant made misrepresentations about his history does not shift the burden of proof to the Defendant. The burden remains with the Government to prove every element of the crime charged beyond a reasonable doubt at trial. *See In re Winship*, 397 U.S. 358, 364 (1970); *Isaacs v. United States*, 159 U.S. 487, 491 (1895).

The Defendant relies heavily on *Russell v. United States* 369 U.S. 749 (1962) for the proposition that the Government's allegations of material misrepresentations regarding the Defendant's "history" are not sufficiently specific. (Def.'s Mot. at 2.) However, in *Russell,* the Supreme Court dealt with an indictment which "failed to state the subject under investigation" when a defendant refused to answer questions before a congressional subcommittee. 369 U.S. at 754. The Supreme Court ultimately held that an indictment alleging

4

violations of 2 U.S.C. § 192 for refusing to testify before Congress must identify the subject under inquiry at the time of the alleged violations. *Id.* at 771.

In the present case, there is no doubt as to the subject under inquiry when the Defendant is alleged to have made his material misrepresentations. In a prosecution for a violation of 18 U.S.C. §1546(a), the subject under inquiry will always be the Defendant's immigration status and personal history as they relate to an immigration application. The indictment clearly states that the alleged misrepresentations at issue are those which were "false with respect to material facts in an application required by the immigration laws, namely a written application for naturalization to U.S. citizenship." (Indictment at 1.)

The indictment puts the Defendant on notice that he is to stand trial for presenting lies under oath about facts which were material to his naturalization application. The indictment also contains sufficient additional facts to allow it to be used as proof to bar subsequent prosecutions for the same offense. *Duncan*, 598 F.2d at 348. It specifies the nature of the conduct involved in the alleged offenses as well as the date and location of each of the Defendant's alleged offenses.

The Government has supplemented the indictment in this case with extensive discovery, pursuant to the Discovery Order

5

entered by this Court on November 17, 2015 [Dkt. 23]. The Government may use discovery to supplement the facts alleged in the indictment and apprise the defendant of the charges against him so that he may prepare his defense. *Duncan*, 598 F.2d at 348. Here, the Government has used discovery to inform the Defendant of the specific questions to which the Defendant is alleged to have provided a false written statement. (Gov't. Opp'n. at 4.) The Government has also provided the thirteen page affidavit of Marisa J. Panagis, an agent with the United States Department of Homeland Security, which specifically identifies each of the Defendant's alleged misrepresentations in detail. (Gov. Ex. A [Dkt. 27-1].) At oral argument on this motion, the Government represented that it would not seek to prove any misrepresentations other than those described in the material provided to the Defendant through discovery. The Court therefore finds that the indictment, in conjunction with material turned over to Defendant through discovery, apprises Defendant of the case against him and enables him to prepare his defense.

### IV. Conclusion

For the foregoing reasons, the Court denies Defendant's Motion to Dismiss Indictment or Alternatively for a

Bill of Particulars.

An appropriate Order shall issue.

/s/
_____

December 15, 2015               James C. Cacheris
Alexandria, Virginia      UNITED STATES DISTRICT COURT JUDGE